UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LISA SHEETS,<br>*Plaintiff*<br><br>V.<br><br>SCOTT & WHITE HOSPITAL – MARBLE FALLS D/B/A BAYLOR SCOTT & WHITE MEDICAL CENTER - MARBLE FALLS D/B/A BAYLOR SCOTT & WHITE HEALTH,<br>*Defendant*. | Case No. 1:23-cv-28<br><br>(JURY DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Lisa Sheets files this Original Complaint and Jury Demand against Defendant Scott & White Hospital – Marble Falls and would respectfully show the following:

### Parties

1. Lisa Sheets is a resident and citizen of the State of Texas.

2. Defendant SCOTT & WHITE HOSPITAL – MARBLE FALLS d/b/a BAYLOR SCOTT & WHITE MEDICAL CENTER - MARBLE FALLS d/b/a BAYLOR SCOTT & WHITE HEALTH may be served with process by serving its registered agent: **CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO, 211 E. 7TH STREET SUITE 620 AUSTIN, TX 78701**.

### Venue & Jurisdiction

3. This case arises under the Court's federal question jurisdiction based on their claim under 42 U.S.C. § 1981.

4. Venue in this District is proper as it satisfies the requirements of 28 U.S.C. § 1391, in that Defendant is a resident of the Western District of Texas, Defendant is subject to personal jurisdiction in the District of this Court, and a substantial part of the events and omissions giving rise to the claim occurred in the District of this Court.

## Factual Background

5. This is a lawsuit regarding Scott & White Hospital – Marble Falls ("Defendant" or "Baylor") discrimination and retaliation against Lisa Sheets for reporting race discrimination.

6. Lisa Sheets was employed by Scott & White Hospital – Marble Falls. Ms. Sheets worked as a Registered Nurse at Baylor Scott & White Medical Center – Marble Falls for seven years. Ultimately, Baylor discriminated and retaliated against Lisa Sheets for reporting race discrimination.

7. On multiple occasions, beginning in or around October 2021, one of Baylor's gastrointestinal technicians (Carrie Bauer) described another gastrointestinal technician (Dawn Hartsfield) as a "N****r lover." For context, Bauer knew that Hartsfield, a white woman, was in a relationship with a Black man. Indeed, on one occasion, Bauer showed Ms. Sheets a photo of Hartsfield's boyfriend and pointed out that he had dreadlocks. In or around October 2021, Bauer described Hartsfield as a "n****r lover" to Ms. Sheets. Following that incident, Bauer again – for the second time – called Ms. Hartsfield a

"n****r lover" in another conversation with Sheets. At the same time, Ms. Sheets observed Bauer continuously harass Hartsfield at work.

8.  Observing Bauer's blatant and hostile racism, Ms. Sheets reported the racism to Baylor's Human Resources department in or around January or February 2022. Following Ms. Sheets's reports, Baylor failed to take any action. In or around February 2022, Ms. Sheets also reported Bauer's racist remarks to her manager, Tava Fogle. Specifically, Ms. Sheets reported Bauer's racist remarks and also reported that Bauer harassed Hartsfield on a near daily basis. In response to Sheets's serious reports regarding Bauer's conduct, Baylor had failed to take any action. By August 2022, Bauer's race-motivated hostility against Hartsfield had worsened. And by that point, Baylor had not taken any remedial action to address Bauer's conduct, including calling Hartsfield a "n****r lover"

9.  Due to Ms. Sheets's superiors' failure to take action, Ms. Sheets decided to go up in the chain of command and report to the larger Baylor, Scott & White organization. Indeed, because the employees at the Marble Falls hospital ignored Ms. Sheets, she reported Bauer's racism toward Hartsfield to Baylor's Human Resources/corporate compliance hotline. Baylor's corporate compliance hotline is available to all Baylor employees— not only the Marble Falls hospital employees.

10. Unfortunately, Baylor again failed to take any action in response to Ms. Sheets's complaints. As a concerned friend and coworker, Sheets again reported Bauer's conduct, including Bauer calling Hartsfield a "n****r lover." Specifically, in or around August 2022, Sheets reported Bauer's conduct to Baylor's Vice President, Kelly Mullis. During her conversation with Mullis, Sheets pointed out that she had reported this issue to Baylor's

corporate compliance hotline. Sheets also expressed to Mullis that she was concerned that Baylor would terminate her due to her consistent and persistent reports regarding Bauer. In other words, Sheets expressed fear of retaliation for a protected activity—reporting racism in the workplace. Following Ms. Sheets's reports to Mullis, Ms. Sheets was ordered to meet with both Fogle and Mullis. During the meeting, Fogle told Ms. Sheets that there was nothing she or Baylor could do because the racist remarks were made too long ago.

11. Only weeks later, Defendant terminated and retaliated against Ms. Sheets because of her continuous reports about Bauer's racism against Hartsfield. Specifically, on October 31, 2022, Baylor terminated Ms. Sheets. Moreover, the timeline confirms that Baylor responded to Ms. Sheets's complaints of racism in the workplace by firing her for a clearly fabricated reason. Indeed, Baylor's fabricated and false reason for terminating Ms. Sheets is that she was exhibiting unprofessional behavior and poor communication. In reality, Ms. Sheets was terminated for repeatedly reporting Bauer's racism toward Hartsfield.

12. In all, Ms. Sheets was retaliated against as to the compensation, terms, conditions, and opportunities at Baylor. Defendant also discriminated against Ms. Sheets because she advocated for Dawn Hartsfield, a victim of race discrimination and a hostile work environment. Defendant further discriminated against Ms. Sheets on the basis of association with Ms. Hartsfield.

13. Ms. Sheets subsequently filed this lawsuit in light of Defendant's violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, and Chapter 21 of the Texas Labor Code. In addition to violating 42 U.S.C. § 1981, Title VII, and the Texas Labor Code, Defendant also violated their own written non-discrimination policies.

**Exhaustion Of Administrative Remedies**

14.     Ms. Sheets filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on January 3, 2023. In that Charge, and any amendments and/or attachments thereto, Ms. Sheets asserted that Defendant discriminated and retaliated against her because of her reports regarding Carrie Bauer's racism in the workplace, in violation of Chapter 21 of the Texas Labor Code and Title VII. Ms. Sheets has not yet received her right-to-sue Defendant for Chapter 21 violations from the EEOC. Once received, Ms. Sheets will amend this Complaint to include those claims in order to fully and finally protect her employment rights.

**FIRST CAUSE OF ACTION:**
**42 U.S.C. § 1981 Retaliation**

15.     Ms. Sheets's claim for recovery under Section 1981 is based upon 42 U.S.C. § 1981. Under Section 1981, a person is entitled to recover damages for retaliation for opposing or reporting violations of Section 1981, or for participating in an investigation of a violation of Section 1981. Section 1981 provides, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." *See* 42 U.S.C. § 1981. Put differently, Section 1981 bars race discrimination.

16.     Here, Ms. Sheets reported Defendant's violations of Section 1981. Indeed, Ms. Sheets reported race discrimination. Ms. Sheets was subsequently retaliated against and terminated

because of her reports of race discrimination. In more detail, Ms. Sheets reported Bauer's racist remarks about Hartsfield, a white woman who Bauer knew to be in a relationship with a Black man. Specifically, on multiple occasions, beginning in or around October 2021, Bauer described Hartsfield as a "n****r lover." Ms. Sheets reported this race discrimination to her employer, Defendant. Thus, Defendant knew and/or should have known of Ms. Sheets's reports of race discrimination but took no prompt remedial action. Ms. Sheets was subjected to ridicule, insult, and other improper conduct and retaliation based on her reports.

17. Defendant's retaliation of Ms. Sheets, including its termination, was sufficiently severe or pervasive to alter the conditions of Ms. Sheets's employment with Defendant.

18. Ms. Sheets opposed Defendant's denying persons the "right to make" contracts and denying the same "security of persons and property as is enjoyed by white citizens" in the United States, as required by federal law. *See* 42 U.S.C. § 1981.

19. Defendant treated Ms. Sheets adversely after she opposed and reported unlawful race discrimination. Defendant engaged in material adverse actions against Ms. Sheets, which might well dissuade a reasonable person from opposing or reporting the discrimination had they known they would face the adverse actions. Defendant's termination of Ms. Sheets materially altered her employment. Defendant violated Section 1981 by intentionally retaliating against Ms. Sheets because of her reports.

20. As a direct result of Defendant's retaliation, Defendant caused damages to Ms. Sheets. Defendant's liability can be either actual or constructive under the *McDonnell Douglas* framework. Defendant knew or should have known that its employee, Carrie Bauer, who was not African-American, was continuously racially discriminating against Hartsfield by making

racist remarks about her to Ms. Sheets. Furthermore, Defendant knew or should have known about Ms. Sheets's reports regarding the race discrimination. Nevertheless, Defendant failed to take corrective action to prevent the discrimination, which was within its control. To be clear, prevention is the best tool for the elimination of harassment. Defendant did not take the steps necessary to prevent the harassment from occurring, such as affirmatively raising the subject, expressing strong disapproval, developing appropriate sanctions, informing employees of their right to raise and how to raise the issue of harassment, and developing methods to sensitize all concerned. Thus, Defendant is liable under Section 1981.

### Resulting Legal Damages

21.    Ms. Sheets is entitled to the actual damages resulting from Defendant's violations of the law. Defendant's retaliatory discharge of Ms. Sheets entitles her to actual damages, punitive damages, mental anguish, pain and suffering, exemplary damages, and other penalties provided by law.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Ms. Sheets respectfully requests that he have judgment against Scott & White Hospital – Marble Falls for legal damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Ms. Sheets may be entitled.

Respectfully submitted,

**DOYLE DENNIS LLP**

                                                  _____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY I. AVERY
State Bar No. 24085185
EMMA R. BROCKWAY
State Bar No. 24125156
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:   713.571.1148
service@doylelawfirm.com

**ATTORNEYS FOR
PLAINTIFF LISA SHEETS**

## JURY DEMAND

    Ms. Lisa Sheets hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and of the State of Texas and preserved by the sacrifices of many.

_____
MICHAEL PATRICK DOYLE